# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | |
|---|---|
| JAMES ENNIS TRUST, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CV614-006 |
| STATE FARM PROPERTY & CASUALTY INSURANCE COMPANY, | ) ) ) ) |
| Defendant. | ) ) |

## ORDER

In this removed case, plaintiff James Ennis Trust claims that defendant State Farm Property & Casualty Insurance Company ("State Farm") failed to fully cover storm damage to a building held by the trust and insured by State Farm. (Doc. 1-1 (complaint).) After the case was removed to this Court, plaintiff filed a *pro se* motion to stay the case so that it could find an attorney to represent it in federal court, as its attorney in the state proceedings, Donald Sheppard, is not a member of this Court's bar. (Doc. 9. at 1.) The Court granted the stay. But plaintiff, through one of its trustees, Jimmy Bennett, now states that because of financial difficulties it has been unable to locate an attorney

who would take the case, so it wants to proceed *pro se*. (Doc. 11.) Essentially, Bennett wants to represent the trust. Because he is not an attorney, he cannot do so. As another district court explained,

> 28 U.S.C. § 1654 provides parties the right to represent themselves personally or by counsel. 28 U.S.C. § 1654 (2006) ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."). However, the right of a non-attorney to appear *in propria persona* is a personal right. *C.E. Pope Equity Trust v. United States*, 818 F. 2d 696, 697 (9th Cir. 1987) (citing *McShane v. United States*, 366 F. 2d 286, 288 (9th Cir. 1966)). In *C.E. Pope*, a non-attorney trustee sought to represent the claims of the beneficiaries of a trust. The court held that the trustee's actions "cannot be viewed as a 'party' conducting his 'own case personally' within the meaning of Section 1654." *Id.* at 697-98 (citing 28 U.S.C. § 1654). The Eighth Circuit has similarly held that a non-lawyer trustee has no right to represent a trust *pro se* in federal court. *Knoefler v. United Bank*[], 20 F. 3d 347 (8th Cir. 1994). . . .
>
> Although the Eleventh Circuit has not yet interpreted § 1654 with respect to trusts, it is a well-settled principle of law that neither a corporation nor a partnership can appear *pro se*; rather, they must be represented by counsel. *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) ("Corporations and partnerships, both of which are fictional legal persons, obviously cannot appear for themselves personally. With regard to these two types of business associations, the long standing and consistent court interpretation of § 1654 is that they must be represented by licensed counsel."). This Court finds no reason to make a distinction between a trust and a corporation for purposes of the right of self-representation under § 1654.

*United States v. Lena*, 2007 WL 4578336 at *1 (S.D. Fla. Dec. 27, 2007).

Further, while the Georgia courts have apparently failed to address the

2

precise issue, there is some reason to believe that allowing one non-lawyer trustee to represent the interests of a trust would amount to the unauthorized practice of law. *Cf. Eckles v. Atlanta Technology Group, Inc.*, 267 Ga. 801, 805-06 (Ga. 1997) (allowing laymen to serve as unlicensed attorneys for *corporations* in courts of record amounts to the unauthorized practice of law). Consequently, Bennett's request (doc. 11) is **DENIED**.

The Court is aware that its denial of Bennett's request could affect plaintiff's ability to pursue its claims. Perhaps things are not so dire. Evelyn Stembridge Hubbard, an attorney admitted to practice law in this Court, has apparently permitted plaintiff to use her CM/ECF account to e-file documents, though she has never officially entered an appearance in the case. Whether or not Hubbard ever intended to represent plaintiff, allowing Mr. Bennett to file a document using her electronic filing information is a violation of this Court's Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means ("Administrative Procedures"). *See* Administrative Procedures, *available at* http:// www.gasd.uscourts.gov/pdf/Ecf Procedures.pdf. The Administrative Procedures state that "[n]o attorney

shall knowingly permit or cause to permit his or her login to be utilized by anyone other than authorized persons within his or her firm." *Id.* at I(B)(1). Additionally, "the attorney bears the ultimate responsibility for all documents filed with his or her login." *Id.* at I(B)(2); *New Holland Tire, Inc. v. Dorsey Roadside Rescue, Inc.*, 2010 WL 3276913 at *2 (S.D. Ga. Aug. 17, 2010).

Ms. Hubbard is therefore **ORDERED** to show cause within 14 days why she should not be sanctioned for permitting this misuse of her account. Of course, if it was counsel's intention to enter an appearance on plaintiff's behalf, and she makes that clear to the Clerk, then there was no misuse of her login and no further show-cause response from her shall be required. The Clerk is **DIRECTED** to serve both Mr. Bennett and Ms. Hubbard with a copy of this Order.

SO ORDERED this 19Th day of February, 2015.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

4