IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| JAMES ENNIS TRUST, | * | |
| Plaintiff, | * | |
| v. | * | |
| STATE AUTO PROPERTY & CASUALTY INSURANCE COMPANY, | * | 6:14-cv-00006 |
| Defendant. | * | |

**O R D E R**

Defendant removed this case from the Superior Court of Screven County, Georgia on January 21, 2014. In its notice of removal, Defendant asserted diversity jurisdiction under 28 U.S.C. § 1332 as the basis for this Court's subject-matter jurisdiction over the case. (Notice of Removal, Doc. 1 ¶ 6.) Defendant explained that Plaintiff James Ennis Trust's co-trustees James E. Bennett and Trude K. Bennett are, upon Defendant's information and belief, citizens of Georgia. (Id. ¶¶ 3-4.) Because Defendant is an Iowa corporation with its principal place of business in Ohio, Defendant asserted that complete diversity existed between the parties. (Id. ¶¶ 5-6.)

Defendant's notice of removal does not provide the necessary information to determine whether complete diversity exists between the parties. The Court determines the citizenship of a trust by its beneficiaries' citizenship, not by the citizenship of its trustees. See Americold Realty Trust v. Conagra Foods, Inc., 136 S.Ct. 1012 (2016); Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 292 F.3d

1334, 1336-40 (11th Cir. 2002), abrogated on other grounds by Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit, 547 U.S. 71, 89 (2006).[1]

Because Defendant removed this case, it bears the burden of demonstrating that the Court possesses subject-matter jurisdiction over this case. Accordingly, the Court **ORDERS** Defendant to file evidence of Plaintiff's beneficiaries' citizenship or to otherwise explain why the Court should not remand this case for lack of subject-matter jurisdiction by **JUNE 28, 2016**.

As the Court explained in its April 1, 2015 Order, the discovery and civil-motion deadlines have passed. After receiving Defendant's filing, if the Court is satisfied that it has subject-matter jurisdiction over this case, then this case will be set for trial at the earliest possible date. If not, the Court will remand this case to the Superior Court of Screven County, Georgia.

**ORDER ENTERED** at Augusta, Georgia, this ____ day of June, 2016.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] The Court notes that trustees often file suit in their own name. In those circumstances citizenship is based on the trustee's citizenship. See Navarro Savings Assn. v. Lee, 446 U.S. 458, 465 (1980); accord Americold Realty Trust v. Conagra Foods, Inc., 136 S.Ct. 1012, 1016 (2016) ("Navarro reaffirmed a separate rule that when a trustee files a lawsuit in *her* name, her jurisdictional citizenship is the State to which she belongs—as is true of any natural person."). Here, however, Plaintiff is the trust, not the trustee, and therefore its citizenship turns on the citizenship of its beneficiaries.

2